UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHAEL TONEY, ET UX | : | CIVIL ACTION NO.:_____ |
| VERSUS | : | JUDGE:_____ |
| HARBOR FREIGHT TOOLS USA, INC. | : | MAGISTRATE JUDGE_____ |

## NOTICE OF REMOVAL

Defendant, HARBOR FREIGHT TOOLS USA, INC. ("Harbor Freight") hereby removes to this Court the civil action filed by Plaintiff in the 14th Judicial District Court for the Parish of Calcasieu, Louisiana, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as follows:

1. On March 31, 2022, MICHAEL TONEY and KATRINA TONEY ("Plaintiffs") filed a products liability lawsuit ("the Complaint") against Harbor Freight in the 14th Judicial District Court in Calcasieu Parish, Louisiana, bearing docket number 2022-1275.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint filed in the State Court Action and served on Harbor Freight is attached to this Notice as Ex. A.

3. Harbor Freight was served through its agent for service of process on April 26, 2022.

### Diversity Jurisdiction

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Under 28 U.S.C. § 1441(a), removal of an action originally filed in a state court is proper in "any

civil action brought in a state court of which the district courts of the United States have original jurisdiction." Complete diversity exists as to all parties in interest; and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Plaintiffs are domiciled in Beauregard Parish, Louisiana, as alleged in their petition.

6. Defendant, Harbor Freight, is a foreign corporation domiciled in Wilmington, DE, with its principal place of business in Calabasas, CA.  See 28 U.S.C. § 1332(c)(1).

7. Diversity jurisdiction exists and this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) the parties are completely diverse, and (2) Plaintiffs seek damages in excess of $75,000.

**Timeliness of Removal**

8. Harbor Freight was served through its agent for service of process on April 26, 2022.  Thus, this Notice of Removal is filed timely, within 30 days after service of the Complaint, in compliance with 28 U.S.C. § 1446(b).

**The Amount in Controversy Exceeds $75,000**

9. While denying any liability to Plaintiff, defendant, Harbor Freight, would show that the amount in controversy in this case, exclusive of interest and costs, exceeds the jurisdictional amount of $75,000 as set forth in 28 U.S.C. §1332.

10. Plaintiffs allege that Michael Toney was injured on or about April 16, 2021 when he "was performing routine maintenance on his personal vehicle at his home in Beauregard Parish, Louisiana" when he suffered "severe crushing injuries" from the weight of his vehicle falling on him when a jack allegedly failed.  Complaint at Para.  6.

11. The removing party must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945 (2003). The removing party can meet this burden by demonstrating that it is facially apparent from the petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy demonstrating that the amount in controversy exceeds $75,000. *Id*. See also *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

12. Here, it is facially apparent from Plaintiffs' Complaint that the requisite amount in controversy is present. Plaintiffs allege that Michael Toney's damages due to his "severe crushing injuries" include past, present and future pain, suffering and mental anguish, past, present and future medical expenses, lost wages/earnings, future loss of earnings, permanent disfigurement and disability, loss of enjoyment of life, and other damages. Complaint at Para. 22. Plaintiffs also allege that Katrina Toney came upon the scene "soon after Mr. Toney was crushed by his vehicle," causing her severe emotional distress and damages. Complaint at Para. 23-24. Finally, Plaintiffs allege that the damages for which they seek compensation "exceed those for Federal Jurisdiction . . . ." Complaint at Para. 2.

13. Accordingly, the amount in controversy exceeds $75,000 for diversity jurisdiction.

## Compliance with Removal Process

14. Defendant has attached a copy of all process, pleadings, and other documents served on them. (*See* Exhibit A.)

15. Defendant has attached copies of all records and proceedings filed in the State Court suit pursuant to 28 U.S.C. §1447(b) (Exhibit B).

16. Pursuant to 28 U.S.C. §1446(d), defendant shall promptly file written notice of the filing of this Notice of Removal to all adverse parties and with the Clerk of the Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana.

17. Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, defendant Harbor Freight will promptly file a Corporate Disclosure Statement.

18. Harbor Freight expressly reserves and does not waive all available substantive and procedural defenses that it has to Plaintiffs' Complaint, including but not limited to prescription/statute of limitations.

19. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, HARBOR FREIGHT TOOLS USA, INC. respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

**s/Robert E. Landry**
ROBERT E. LANDRY, Bar No. 18999
rlandry@sgpgl.com
NADINA A. BEACH, Bar No. 38628
nbeach@sgpgl.com
SCOFIELD, GERARD, POHORELSKY,
 GALLAUGHER & LANDRY, L.L.C.
901 Lake Shore Drive, Suite 900
Lake Charles, LA 70601
337-433-9436
337-436-0306 (Facsimile)
**Counsel for Defendant,**
**HARBOR FREIGHT TOOLS USA, INC.**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHAEL TONEY, ET UX | : | CIVIL ACTION NO.:_____ |
| VERSUS | : | JUDGE:_____ |
| HARBOR FREIGHT TOOLS USA, INC. | : | MAGISTRATE JUDGE_____ |

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing Notice of Removal along with Exhibits "A" and Exhibit "B" have been served upon all known counsel of record:

> Joseph P. Norman
> Hoffoss Devall, LLC
> 517 West College Street
> Lake Charles, LA  70605
> Joe@hdinjurylaw.com

*via email transmission* and by placing same in the United States mail, postage prepaid and properly addressed, this 10th day of May, 2022, as follows:

                                                  **s/Robert E. Landry**
                                                  ROBERT E. LANDRY