

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Harbor Freight Tools USA, Inc.
Tammy Stafford Associate General Counsel
Harbor Freight Tools USA Inc
26677 Agoura Road
Calabasas CA 91302

04/27/2022

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2022-340

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1.  | **Entity Served:** | Harbor Freight Tools USA, Inc. |
| --- | --- | --- |
| 2.  | **Title of Action:** | Michael Toney and Katrina Toney vs. Harbor Freight Tools USA, Inc. |
| 3.  | **Document(s) Served:** | Citation for Petition<br>Complaint<br>Request for Written Notice of Any Assignment and Written Notice of Any Order or Judgment Made or, etc.<br>Civil Case Cover Sheet |
| 4.  | **Court/Agency:** | Parish of Calcasieu 14th Judicial District Court |
| 5.  | **State Served:** | Louisiana |
| 6.  | **Case Number:** | 2022-1275 |
| 7.  | **Case Type:** | Negligence/Personal Injury |
| 8.  | **Method of Service:** | Hand Delivered |
| 9.  | **Date Received:** | Tuesday 04/26/2022 |
| 10. | **Date to Client:** | Wednesday 04/27/2022 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 21<br>Tuesday 05/17/2022 — CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Hoffoss Devall, LLC<br>Lake Charles, LA<br>337-433-2053 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** |  |
| 15. | **Handled By:** | 191 |
| 16. | **Notes:** | Please note there are other Due Dates listed in the document |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.   It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**EXHIBIT A**

| | Citation for Petition | |
|---|---|---|
| MICHAEL TONEY<br>VS. 2022-001275<br>HARBOR FREIGHT TOOLS USA INC |  | 14th Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA

TO: HARBOR FREIGHT TOOLS USA INC
THROUGH AGENT FOR SERVICE OF PROCESS: CORPORATE CREATIONS NETWORK INC
1070 B WEST CAUSEWAY APPROACH
Mandeville, LA 70471



Parish of Saint Tammany

You are named as defendant in the above captioned matter. Attached to this citation is a:

**COMPLAINT**

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or pleading in the 14th Judicial District Court located at 1001 Lakeshore Dr., Lake Charles, LA within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

E. A Defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the Defendant shall file his answer to the petition within **thirty (30) days** after service of citation and service of discovery request.

F. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana this 31ST day of MARCH, 2022.

Issued and delivered April 20, 2022.

Byron Wilkinson
Deputy Clerk of Court

Requested by:

---

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:



Filing Date: 04/20/2022 09:41 AM    Page Count: 2
Case Number: 2022-001275
Document Name: 1604 Citation for Petition

[ Service Copy ]
CMS1604

Page 1 of 2

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE    $_____          BY: _____
                                      Deputy Sheriff
MILEAGE    $_____

TOTAL $_____

Party No.    P001

[ Service Copy ]
CMS1604                                                                    Page 2 of 2

SERVICE

| | | |
|---|---|---|
| **MICHAEL TONEY AND KATRINA TONEY** | : | **14TH JUDICIAL DISTRICT COURT** |
| *Plaintiffs* | : | |
| VS. NO. 2022-1275 F | : | **PARISH OF CALCASIEU** |
| **HARBOR FREIGHT TOOLS USA, INC.** | : | |
| *Defendant* | : | **STATE OF LOUISIANA** |
| MAR 2022 | : | |
| FILED:_____ | : | Tempest Nucutt<br>DEPUTY CLERK OF COURT |

## COMPLAINT

The Petition of **MICHAEL TONEY and KATRINA TONEY**, a married couple of the full age of majority and residing in Beauregard Parish, Louisiana, hereinafter sometimes referred to as Complainants, with respect represent that:

1. Made Defendant herein is **HARBOR FREIGHT TOOLS USA, INC**, (hereinafter "**HARBOR FREIGHT**") a foreign corporation domiciled in Delaware; doing business in the State of Louisiana; and whose registered principal place of business being in the State of California, which can be served with process by and through its registered agent for service, Corporate Creations Network, Inc, 1070-B West Causeway Approach, Mandeville, Louisiana 70471.

2. Defendant, **HARBOR FREIGHT** is liable unto complainants, **MICHAEL TONEY (sometimes hereinafter referred to as "MR. TONEY") and KATRINA TONEY (sometimes hereinafter referred to as "MRS. TONEY")**, for such damages as will fully and fairly compensate Complainants, which damages exceed those for Federal Jurisdiction, together with legal interest thereon from date of judicial demand until paid, together with all costs of these proceedings, for the following reasons, to wit:

3. Venue is proper in the 14th Judicial District Court, Parish of Calcasieu, Louisiana, because complainants are domiciled in Calcasieu Parish; the personal injuries and causes of action

SERVICE

arose within Calcasieu Parish; and **HARBOR FREIGHT** was regularly engaged in business within Calcasieu Parish.

4. **HARBOR FREIGHT** is now, and was at all times mentioned in this complaint, in the business of designing, manufacturing, constructing, assembling, inspecting, and selling various types of discount tools and equipment, including the Pittsburgh 3 Ton Rapid Pump Floor Jack, which it sold under its own "Pittsburg" brand/label.

5. On March 12, 2021, **MR. TONEY** purchased a Pittsburgh 3-Ton Rapid Floor Jack (UPC 792363566179) from **HARBOR FREIGHT** Store #3186 in Lake Charles, Louisiana (hereinafter the "Subject Jack") for his personal use.

6. On or about April 16, 2021, **MR. TONEY** was performing routine maintenance on his personal vehicle at his home in Beauregard Parish, Louisiana, and was utilizing the Subject Jack (for the first time since he purchased it), when the Subject Jack failed suddenly, causing the weight of his vehicle to fall on him, resulting in severe crushing injuries.

7. The Subject Jack was marketed, promoted, advertised, and sold by **HARBOR FREIGHT**.

8. The Subject Jack was defectively designed for its use which made the product unreasonably dangerous to users, which defective design and/or composition was present when the Subject Jack left **HARBOR FREIGHT**'s control.

9. At the time the Subject Jack left **HARBOR FREIGHT**'s control, **HARBOR FREIGHT** knew, or should have known, of the design characteristic(s) which caused this accident, and that there existed a safer alternative design that was both economically and technologically feasible. The benefit of the safer alternative design would not decrease the utility of the product in any significant regard that would warrant its exclusion.

10. At the time of the accident, the Subject Jack was in substantially the same condition as it was at the time it was placed into the stream of commerce.

11. At the time the Subject Jack was sold by **HARBOR FREIGHT**, it was defective in design and/or composition all of which rendered it unreasonably dangerous with respect to its susceptibility to fail, which defective and unreasonably dangerous condition was a cause of this accident and the injuries sustained by Complainants.

SERVICE

12. Defendant knew or should have known that the Subject Jack was unreasonably dangerous due to its susceptibility to fail, yet continued to market and sell this product to consumers and then failed to recall the same, all of which was a cause of this accident and of the injuries sustained by Complainants.

13. At the time the Subject Jack was marketed and sold by Defendant, the Subject Jack was defective in design and unreasonably dangerous with respect to its failure to perform as designed, which defective and unreasonably dangerous condition was a cause of this accident and the injuries sustained by Complainants.

14. This defect in construction and composition of the Subject Jack existed when the product left the control of Defendant and deviated from other identical products.

15. As a result of the defective and unreasonably dangerous condition of the Subject Jack, defendant, in selling the Subject Jack in such condition, breached express warranties, which breach of express warranties being a cause of this accident and the injuries sustained by Complainants.

16. Both prior to and subsequent to the sale of the Subject Jack, defendant manufactured, distributed, and sold the Subject Jack with defective and inadequate warnings. These defects in warning existed at the time the Subject Jack left the control of Defendant.

17. The likelihood and gravity of danger associated with the Subject Jack and the feasibility of adding the proper warning far outweighed the ability of the user to anticipate the risk.

18. Defendant breached its continuing duty to warn of the defective nature of its product after the Subject Jack left its control.

19. The defective and inadequate warnings were a cause of this accident and the injuries sustained by Complainants. Further, the wrongful and negligent conduct of the defendant as described above was a substantial factor in the injuries and damages of the Complainants.

20. The burden to Defendant to do what was right and act in a way that was not negligent was insignificant compared to the probability of injury that would result. Such negligence includes, but is not limited to, the following acts of omission and commission:

SERVICE

a. Designing and selling the Subject Jack with a propensity to suddenly and without warning collapse/fail;

b. Failing to properly and adequately test to determine the Subject Jack's susceptibility to suddenly and without warning collapse/fail;

c. Failing to adequately and properly test the Subject Jack, its component parts and failing to act with reasonable care to protect users of the product after gaining actual knowledge of other incidents involving the same and/or similarly designed and/or constructed jack collapsing with fatal and tragic consequences for the users; and

d. Failing to adequately and properly test the Subject Jack and its component parts and failing to act with reasonable care to warn users of defects including the propensity of the jack to fail.

21. Defendant, **HARBOR FREIGHT**, committed acts of omission and commission, which collectively and severally, render defendant liable under the terms of the Louisiana Products Liability Act and/or which constitute negligence or fault, all of which was a cause, or substantial factor in causing, the accident in question and injuries to Complainants.

22. As a result of the accident, **MR. TONEY** has sustained damages including, but not limited to the following:

    a. Past present and future pain and suffering, mental anguish and suffering;

    b. Past present and future medical and other expenses;

    c. Lost wages, profits, and earnings;

    d. Future loss of earning capacity and profits;

    e. Permanent disfigurement, disability, and/or scarring;

    f. Loss of enjoyment and quality of life; and,

    g. Other damages that may be proven at the trial of this matter.

23. **MRS. TONEY** came upon the accident scene soon after **MR. TONEY** was crushed by his vehicle, which caused severe emotional distress.

24. It is reasonably expected that Ms. Toney would suffer serious mental anguish from the experience of seeing her husband crushed by a car resulting from the failure of the Subject Jack.

25. **MRS. TONEY** is, therefore, entitled to general damages under the theory of negligent infliction of emotional distress.

### WHEREFORE, PETITIONERS, MICHAEL TONEY and KATRINA TONEY, PRAY THAT:

I. Defendant, **HARBOR FREIGHT TOOLS USA, INC.**, be served with and cited to answer this Complaint;

II. After lapse of all delays and due proceedings had there be judgment in favor of Complainants, **MICHAEL TONEY and KATRINA TONEY**, and against defendant, **HARBOR FREIGHT TOOLS USA, INC.**, for such damages as will fully and fairly compensate Complainants, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings;

III. Complainants further pray for all orders and decrees necessary in the premises, and for full, just and equitable relief.

Respectfully submitted:

**HOFFOSS DEVALL, LLC**

JOSEPH P. NORMAN (36608)
Email: Joe@hdinjurylaw.com
517 West College Street
Lake Charles, Louisiana 70605
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
ATTORNEY FOR PETITIONER

PLEASE SERVE:
**HARBOR FREIGHT TOOLS USA, INC**
through its registered agent for service of process,
Corporate Creations Network, Inc
1070-B West Causeway Approach
Mandeville, LA 70471

SERVICE

PLEASE SERVE:
**HARBOR FREIGHT TOOLS USA, INC**
through its registered agent for service of process,
Corporate Creations Network, Inc
1070-B West Causeway Approach
Mandeville, LA  70471

SERVICE

| | | |
|---|---|---|
| **MICHAEL TONEY AND KATRINA TONEY** | : | **14TH JUDICIAL DISTRICT COURT** |
| VS. NO. 2022-1275 E | : | **PARISH OF CALCASIEU** |
| **HARBOR FREIGHT TOOLS USA, INC** | : | **STATE OF LOUISIANA** |
| FILED: _____ | : | _Jenpurt Wyatt_<br>**DEPUTY CLERK OF COURT** |

## REQUEST FOR WRITTEN NOTICE OF ANY ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to send to us, as counsel of record for Petitioners, **MICHAEL TONEY and KATRINA TONEY**, written notice by mail, at least ten (10) days in advance of any date fixed for any trial or hearing on this case, whether on exception, rules, or on the merits thereof, or any assignment of fixing of said case.

And in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are hereby also requested to send to us immediately notice of any order or judgment made or rendered in this case, upon the entry of such order or judgment. This request for notice is made with full reservation of all rights, and we thank you for your customary courtesy and cooperation.

Respectfully submitted:

**HOFFOSS DEVALL, LLC**

_s/ J. Lee Hoffoss, Jr._
CLAUDE P. DEVALL (29148)
Email: tclaude@hdinjurylaw.com
J. LEE HOFFOSS, JR. (29254)
Email: lee@hdinjurylaw.com
DONALD W. MCKNIGHT (10042)
Email: don@hdinjurylaw.com
D. COOPER FOURNET (34549)
Email: cooper@hdinjurylaw.com
MAX E. GUTHRIE (32487)
Email: max@hdinjurylaw.com
JOSEPH P. NORMAN (36608)
Email: joe@hdinjurylaw.com

Page 1 of 2

SERVICE

> 517 West College Street
> Lake Charles, Louisiana 70605
> Telephone: (337) 433-2053
> Facsimile: (337) 433-2055
>
> COUNSEL FOR COMPLAINANTS, MICHAEL AND KATRINA TONEY

SERVICE

## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

MICHAEL TONEY and KATRINA TONEY
vs.
HARBOR FREIGHT TOOLS USA, INC

**Court:** 14TH JDC                **Docket Number:** 2022-6715 F

**Parish of Filing:** CALCASIEU         **Filing Date:** MAR __ 2022

**Name of Lead Petitioner's Attorney:** Joseph P. Norman

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 2      **Number of named defendants:** 1

**Type of Lawsuit:** Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

___Auto: Personal Injury              ___Auto: Property Damage
___Auto: Wrongful Death               ___Auto: Uninsured Motorist
___Asbestos: Property Damage          ___Asbestos: Personal Injury/Death
_x_Product Liability                  ___Premise Liability
___Intentional Bodily Injury          ___Intentional Property Damage
___Intentional Wrongful Death         ___Unfair Business Practice
___Business Tort                      ___Fraud
___Defamation                         ___Professional Negligence
___Environmental Tort                 ___Medical Malpractice
___Intellectual Property              ___Toxic Tort
___Legal Malpractice                  ___Other Tort (describe below)
___Other Professional Malpractice     ___Redhibition
___Maritime                           ___Class action (nature of case)
___Wrongful Death
___General Negligence

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
Product Liability

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Adminstrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name __Laura Novak_____ Signature_____

Address _517 West College Street, Lake Charles, Louisiana 70605_____

Phone number: _337-433-2053_____ E-mail address: _Laura@hdinjurylaw.com_

APR 2 6 2022