UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

MICHAEL TONEY ET AL                    CASE NO.  2:22-CV-01259

VERSUS                                 JUDGE JAMES D. CAIN, JR.

HARBOR FREIGHT TOOLS USA INC.          MAGISTRATE JUDGE KAY


MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 5] filed by defendant Harbor Freight

Tools USA, Inc. under Federal Rule of Civil Procedure 12(b)(6). The motion is regarded

as unopposed.


I.
BACKGROUND

This suit arises from injuries suffered by plaintiff Michael Toney on April 16, 2021.

Doc. 1, att. 2, pp. 4–8. Specifically, plaintiffs allege that Toney purchased a Pittsburgh 3-

Ton Rapid Floor Jack at a Harbor Freight store in Calcasieu Parish, Louisiana, and that this

jack failed while he was using it to perform maintenance on his vehicle at his home in

Beauregard Parish, causing him to be crushed by the vehicle. *Id.* at ¶¶ 5–6. Toney and his

spouse, both of whom are residents of Beauregard Parish, filed suit against Harbor Freight

in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, on March 31, 2022.[1] There

---

[1] In the complaint plaintiffs state that they are "a married couple of the full age of majority residing in Beauregard
Parish" and that Toney "was performing routine maintenance on his personal vehicle at his home in Beauregard Parish,
Louisiana" when the jack allegedly failed and the vehicle crushed him. Doc. 1, att. 2, pp. 4–5. As to venue, however,
plaintiffs allege that it is proper in the Fourteenth Judicial District Court because they "are domiciled in Calcasieu
Parish; the personal injuries and causes of action arose within Calcasieu Parish; and Harbor Freight was regularly
engaged in business within Calcasieu Parish." *Id.* at 4–5.

they raised claims under the Louisiana Products Liability Act based on the allegedly defective design of the jack. *Id.* at 4–8.

Harbor Freight was served on April 26, 2022. *Id.* at 1. Noting that it was incorporated in Delaware and maintained its principal place of business in California, it removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It then filed the instant Motion to Dismiss, arguing that plaintiffs' claims have prescribed under the applicable one-year period because their action was filed in a court of improper venue and so prescription was not tolled until after Harbor Freight was served. Plaintiffs have filed no opposition and their time for doing so has passed. Accordingly, the motion is regarded as unopposed.

## II.
### LAW & APPLICATION

### A. Motion to Dismiss Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club,*

*Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

In diversity actions, the court looks to state law for the applicable prescriptive and peremptive periods. *Moore v. Kmart Corp.*, 884 F.Supp. 217, 219 (E.D. La. 1995). For a claim brought under the Louisiana Products Liability Act, the one-year prescriptive period for delictual claims applies and begins to run on the day the injury is sustained. *Guidry v. Aventis Pharms., Inc.*, 418 F.Supp.2d 835, 839 (M.D. La. 2005) (citing La. Civ. Code art. 3492). Thus, under the facts alleged in the complaint, prescription began to run in this matter on April 16, 2021.

Under Louisiana Civil Code article 3462, prescription is interrupted when a suit is filed "in a court of competent jurisdiction and venue." If the action is filed in a court of improper jurisdiction or venue, prescription is only interrupted as to a defendant who is served within the prescriptive period. *Id.* As Harbor Freight notes, it appears from the complaint that the only proper venue for this action would be in Beauregard Parish, where the injury occurred, or in St. Tammany Parish, where Harbor Freight's primary in-state office is located. *See* La. C. Civ. P. arts. 74, 42(4). Accordingly, venue was not proper in Calcasieu Parish and prescription would have run by the time Harbor Freight was served

on April 26, 2022. However, given the conflicting statements in the complaint, supra note 1, as to Calcasieu Parish and the fact that this matter is potentially being disposed of on the pleadings, the court will allow plaintiffs the opportunity to amend their complaint and show any other basis for proper venue or tolling of the prescriptive period.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 5] will be **GRANTED**, dismissing plaintiffs' claims without prejudice to their right to amend the complaint within two weeks and assert any facts supporting proper venue in the Fourteenth Judicial District Court or any basis for tolling the prescriptive period. If plaintiffs fail to file a motion to reopen and amend within that time, the claims will be regarded as dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers this 24th day of June, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**