UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MICHAEL TONEY ET AL** | **CASE NO.  2:22-CV-01259** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **HARBOR FREIGHT TOOLS USA INC.** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 16] filed by defendant Harbor Freight Tools USA, Inc. under Federal Rule of Civil Procedure 12(b)(6). The motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from injuries suffered by plaintiff Michael Toney on April 16, 2021. Doc. 1, att. 2, pp. 4–8. Specifically, plaintiffs alleged that Toney purchased a Pittsburgh 3-Ton Rapid Floor Jack at a Harbor Freight store in Calcasieu Parish, Louisiana, and that this jack failed while he was using it to perform maintenance on his vehicle at his home in Beauregard Parish, causing him to be crushed by the vehicle. *Id.* at ¶¶ 5–6. Toney and his spouse, both of whom are residents of Beauregard Parish, filed suit against Harbor Freight in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, on March 31, 2022. There they raised claims under the Louisiana Products Liability Act based on the allegedly defective design of the jack. Doc. 1, att. 2, pp. 4–8.

Harbor Freight was served on April 26, 2022. *Id.* at 1. Noting that it was incorporated in Delaware and maintained its principal place of business in California, it removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It then filed a first Motion to Dismiss, arguing that plaintiffs' claims have prescribed under the applicable one-year period because their action was filed in a court of improper venue and so prescription was not tolled until after Harbor Freight was served. Doc. 5. Plaintiffs filed no opposition and the court granted the motion, although it also allowed plaintiffs time to amend and assert any facts supporting proper venue in the Fourteenth Judicial District Court or any basis for tolling the prescriptive period. Doc. 9.

Plaintiffs have now filed an amended complaint, alleging as follows: (1) that the jack was purchased at a store in Beauregard, rather than Calcasieu, Parish and (2) that they had taken all steps necessary to obtain service on Harbor Freight by March 31, 2022, and emailed a conformed copy of the complaint to Harbor Freight claims specialist Michelle Mitchell, with whom they had been corresponding for months, on that date. Doc. 15. Accordingly, plaintiffs maintain that Harbor Freight had notice of the claim before the one-year statute of limitations ran on April 16, 2022, even though formal service was not made for another ten days. *Id.*

Harbor Freight has now filed a second Motion to Dismiss, maintaining that the new allegations do not cure the prescription noted in the court's first ruling. Doc. 16. Plaintiffs have filed no opposition to the motion and their time for doing so has passed. Doc. 17. The motion is therefore regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Motion to Dismiss Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

In diversity actions, the court looks to state law for the applicable prescriptive and peremptive periods. *Moore v. Kmart Corp.*, 884 F.Supp. 217, 219 (E.D. La. 1995). For a claim brought under the Louisiana Products Liability Act, the one-year prescriptive period

for delictual claims applies and begins to run on the day the injury is sustained. *Guidry v. Aventis Pharms., Inc.*, 418 F.Supp.2d 835, 839 (M.D. La. 2005) (citing La. Civ. Code art. 3492). Thus, under the facts alleged in the complaint, prescription began to run in this matter on April 16, 2021.

Under Louisiana Civil Code article 3462, prescription is interrupted when a suit is filed "in a court of competent jurisdiction and venue." If the action is filed in a court of improper jurisdiction or venue, prescription is only interrupted as to a defendant who is served within the prescriptive period. *Id.* It appears from the complaint, as amended, that the only proper venue for this action is Beauregard Parish, where the injury occurred, or in St. Tammany Parish, where Harbor Freight's primary in-state office is located. *See* La. C. Civ. P. arts. 74, 42(4). Accordingly, venue was not proper in Calcasieu Parish and prescription would have run by the time Harbor Freight was served on April 26, 2022.

In the amended complaint plaintiffs appear to assert grounds for tolling, based on Harbor Freight's alleged awareness of their claims before the running of the limitations period. Service of process upon the proper person is required to interrupt prescription, however, and "[k]nowledge obtained through any other source will not constitute a legal interruption." *Conner v. Continental Southern Lines, Inc.*, 294 So.2d 485, 487 (La. 1974). Even settlement negotiations, in the absence of an admission of liability, will not interrupt prescription in the absence of proper service when the complaint is filed in an improper venue. *Mullen v. Sears, Roebuck & Co.*, 887 F.2d 615, 618 (5th Cir. 1989). Plaintiffs concede that personal service was not made upon Harbor Freight's registered agent for service of process until April 26, 2022. Doc. 15, ¶ 31. Regrettably, despite any informal

notice to Harbor Freight or settlement discussions with company employees, there is no basis for rescuing the suit from the limitations period.

### III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 16] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers this 18th day of August, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**